## Roberts v. Bankes

Dale A. Derr, for plaintiff.

Donald A. Lewis, for defendant.

KREISHER, P. J., August 14, 1963.—On January 19, 1963, counsel for defendant in the above-captioned action entered his appearance, caused to be issued a

writ of certiorari to a justice of the peace and made application that the writ act as a supersedeas upon approval of proper bond. Thereafter, the justice returned a transcript showing the issuance of a summons in trespass on December 14, 1962, to a constable returnable December 22, between the hours of 7:30 and 8 p.m. The caption gives defendant's residence as Rupert, Pennsylvania, and the transcript reads as follows:

"Served on Defendant by handing a true and attested copy of the original summons to an adult member of the defendants family at his dwelling house.

"Plff claims $177.89 damages in trespass done to her (plff's) car on the 15th day of November 1962 by the deft.

"And now, 22nd of December, the plff appears, and the deft not attending to defend himself against the plff's claim.

"Therefore in default I give judgment publicly in favor of the plff and against the deft in the amount of $177.89 and costs.

"Judgment entered against deft, December 22, 1962 at 8:10 p.m."

On May 21, counsel for defendant filed the following exceptions to the record:

"1. The record does not show that any witnesses were sworn on behalf of plaintiff or defendant.

"2. The record does not show that any legal proof was offered in evidence.

"3. The record shows that judgment was entered upon bill and allegations of plaintiff, and not upon legal proof.

"4. The record does not show that judgment was entered upon admissions of defendant."

The matter was then placed upon the argument list and, when called for argument, counsel agreed to

submit the case upon the filing of written briefs. The court has now been favored with written briefs and the matter is before us for disposition. Counsel for plaintiff takes the position that because of the delay of 27 days between the entry of the judgment and the issuance of the writ of certiorari, that the 20-day limitation in the Act of March 20, 1810, P. L. 208, 5 Sm. L. 161, sec. 21, 42 PS §951, precludes defendant from attacking the proceedings had before the justice. Said act provides, inter alia, "That no judgment shall be set aside in pursuance of a writ of certiorari, unless the same is issued within twenty days after judgment was rendered, and served within five days thereafter: . . ."

Counsel for defendant relies on the cases holding the limitations inapplicable where the judgment is void ab initio for obvious defects appearing on the face of the record: Singer Company v. Tailorcraft Company 4 D. & C. 2d 620. It must, therefore, be determined if the judgment in this case is void for any reason. The first exception above quoted is based upon the requirement under the Act of March 21, 1772, P. L. 387, as amended, which provides that witnesses must be sworn in a proceeding before a justice of the peace.

The case of DeWitt v. Oppel, 14 D. & C. 2d 23, holds this requirement " 'may not be waived, hence a judgment rendered against defendant on testimony of witnesses not taken under oath is void, . . .' " (syllabus.) The above-quoted record of the justice does not show plaintiff was sworn; therefore, it follows the judgment rendered by the justice of the peace is void.

The second exception no doubt is upon the requirements of The Vehicle Code of April 29, 1959, P. L. 58, sec. 1303, which was recently amended to increase the jurisdiction of a justice of the peace from $300 to $500; however, the requirement that plaintiff ". . .

shall produce a receipted bill . . . properly sworn to by the party making such repairs . . ." for the damages sustained and affirmative proof that the accident occurred within the county is retained. In the case of Beachel v. Beachel, 25 Northumb. 206, it is held that a judgment by default entered against a defendant is void if the record of the justice of the peace fails to show where the accident occurred, that a receipted bill for repairs was produced, and that the damages sustained were the direct result of defendant's act based upon the testimony of a witness or witnesses who were sworn and testified.

The case of Bornfriend v. Berman, 15 D. & C. 2d 652, holds that the Act of July 7, 1879, P. L. 194, sec. 2, 42 PS §451, requires plaintiff prove his case by sworn testimony before a judgment may be entered by default, and that a judgment entered in violation of the act may be attacked on certiorari even though it has issued more than 20 days after the rendition of the judgment. In the Northumberland County case, the judgment was reversed and the costs placed on plaintiff, it appearing in addition to the above-mentioned defects that the summons was made returnable more than one month after its date of issuance in violation of the said Act of 1810, 42 PS §422, which provides the summons shall be made returnable not more than eight days and not less than five days after it is dated.

In the Bornfriend Case the Montgomery County court merely vacated the improperly entered judgment and remanded the case to the justice of the peace for further proceedings in conformity with the law. It is our opinion justice dictates the procedure followed in the Bornfriend Case for a number of obvious reasons. A newly elected member of the minor judiciary is not learned in the law and his mistakes should not in a civil case shut the door to a claimant who may have a just claim, especially where a defendant was properly

served and failed to appear. Counsel for defendant did not allege faulty service in his exceptions; however, he does mention it in his written brief. We conclude he cannot now raise the issue and even if he could his contention is without merit. Service is now governed by the Pa. R. C. P. and service upon an adult member of the family where defendant resides is valid legal service: Pa. R. C. P. 1009 (b) 2 (i). See also Atkins v. Flaherty, 17 D. & C. 2d 143, affirmed 189 Pa. Superior Ct. 550.

### Order of Court

And now, August 14, 1963, it is ordered, adjudged and decreed that the exceptions be sustained and that the judgment entered in the above case be and the same is hereby vacated. It is hereby further ordered and decreed that the record be remanded to the office of the justice of the peace for further proceedings in conformity with this opinion. The cost of the proceedings in this court to be paid by the county.